# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| JOSEPH B. THOMPSON<br>No. 135083, | ) ) ) | |
| Petitioner, | ) ) | No. 3:17-cv-00768 |
| v. | ) ) ) | Judge Trauger |
| STATE OF TENNESSEE, | ) ) | |
| Respondent. | ) | |

## <u>M E M O R A N D U M</u>

Joseph B. Thompson, an inmate of the South Central Correctional Facility in Clifton, Tennessee, filed this *pro se, in forma pauperis* petition pursuant to 28 U.S. § 2241 challenging the legality of Thompson's confinement under his 2001 Sullivan County, Tennessee convictions for aggravated robbery and aggravated kidnapping. The trial court sentenced Thompson to twenty years of imprisonment for each offense, to be served consecutively. The Tennessee Court of Criminal Appeals affirmed the trial court's judgments.

The petitioner has filed numerous collateral challenges to his convictions and sentence. In 2006, after unsuccessfully seeking state post-conviction and habeas relief, he filed a § 2254 *habeas corpus* petition contending that (1) the state withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and the trial court improperly excluded testimony regarding that evidence at trial; (2) evidence introduced by the state at trial was illegally obtained in violation of the Fourth Amendment; (3) his conviction was obtained in violation of the prohibition against Double Jeopardy; (4) Tennessee's Criminal Sentencing Reform Act of 1989 violated his Sixth Amendment right to a jury trial because it allowed the trial court to enhance his sentence above the

1

minimum twelve-year sentence; (5) he was denied the right of allocution at sentencing; and (6) his trial and appellate counsel were ineffective. The district court denied that petition, and Thompson did not appeal. *Thompson v. Parker*, No. 2:06-cv-134 (E.D. Tenn. Aug. 10, 2010).

In 2013, Thompson filed another § 2254 petition, arguing that (1) Tennessee's Criminal Sentencing Reform Act violated his Sixth Amendment right to a trial by jury under *Blakely v. Washington*, 542 U.S. 296 (2004), because it permitted the trial court to enhance his sentence based on facts not found by a jury; (2) his sentence is void as a result; (3) the evidence was insufficient to support his convictions; (4) the trial court erred in refusing to require the state to choose between the offenses of aggravated robbery and aggravated kidnapping; (5) the trial court erred in allowing certain testimony and evidence; (6) the trial court in erred in denying the motion for severance; (7) the state failed to provided him with exculpatory evidence in violation of *Brady*; (8) the trial court erred in limiting his time to present his closing arguments; and (9) his sentence was excessive and violated his right to due process. Thompson asserted that his claims were based on new Tennessee Supreme Court and Sixth Circuit case law regarding aggravated kidnapping and the retroactivity of *Blakely*. *Thompson v. Stewart*, No. 2:13-cv-00290 (E.D. Tenn. Oct. 27, 2016).

The district court transferred the successive petition because Thompson had not yet obtained the Sixth Circuit's permission to file it. The petitioner subsequently moved for an order authorizing the district court to consider a second or successive habeas corpus petition. He raised, including other issues not relevant herein, the following issues: (1) Tennessee's Criminal Sentencing Reform Act violated his Sixth Amendment right to a trial by jury under *Blakely* because it permitted the trial court to enhance his sentence based on facts not found by a jury; and (2) his sentence is void as a result. The Sixth Circuit issued an order denying leave to file a second or successive petition,

2

finding that, "[t]o the extent that Thompson already had raised his two proposed *Blakely*-based sentencing claims in his initial § 2254 petition, they are subject to dismissal." The Court additionally explained that Thompson "had not shown that these claims rely on a new rule of constitutional law satisfying the requirement of § 2244(b)(2)(A) because (1) *Blakely* was decided before he filed his initial § 2254 petition in 2006, and (2) *Lovins v. Parker*, 712 F.3d 283 (6th Cir. 2013), which he described in his transferred § 2254 petition as "[n]ew case law" supporting his claims, provides no new rule of constitutional law." *Thompson*, 2:13-cv-00290 (Doc. No. 9 at p. 3).

In the instant petition filed under § 2241, Thompson checked the box indicating that he is challenging "[t]he validity of [his] conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)." (Docket No. 1 at 2). Likewise, in the "request for relief" section of his petition, Thompson specifically states that he wants the court to "correct [his] illegal sentence or remand to trial court to correct or vacate illegal sentence." (*Id.* at p. 6). As grounds for his petition, Thompson contends that he "qualifies for Bryant's four factor test" and relies additionally on *Blakely* and *Lovins*. (*Id.* at pp. 8-9).

Thompson is not entitled to relief by way of the instant § 2241 petition. First, Thompson's claims challenge the imposition of his sentence, rather than the execution of his sentence, making it inappropriate for a § 2241 petition. Section 2241 authorizes federal district courts to issue a writ of *habeas corpus* to a state or federal prisoner who is in custody in violation of the constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Section 2254 is more specific and confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

3

2254(a). A petition brought under § 2241 generally applies to challenges regarding the execution and manner in which a sentence is served, whereas a petition brought under § 2254 challenges the constitutionality of a conviction and sentence arising out of a State criminal action. *See, e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Although the petitioner filed his petition under § 2241, it is clear from the petition and accompanying documents that the petitioner seeks to attack the validity of his original sentence, not the manner in which the Tennessee Department of Correction has executed the sentence. As such, § 2241 is inapplicable.[1]

Second, even if the court construes the instant petition as a petition brought pursuant to § 2254, Thompson has filed previous § 2254 petitions. Before a second or successive petition may be adjudicated in the district court, a petitioner must move in the appropriate Court of Appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Further, the § 2254 petition Thompson filed in 2013 raised the same claims he raises herein: that Tennessee's Criminal Sentencing Reform Act violated his Sixth Amendment right to a trial by jury under *Blakely* because it permitted the trial court to enhance his sentence based on facts not found by a jury, and his sentence is void as a result. Indeed, in the instant petition, Thompson cites the same cases on which he relied in his 2013 petition. Therefore, the court would be unable to construe and address Thompson's instant petition as one brought pursuant to § 2254 until Thompson sought and received permission to file a successive habeas petition which, in this court's best judgment, the Sixth Circuit likely would not grant given that he already filed a petition raising the same issues he raises in the instant petition, and the Sixth Circuit dismissed those claims.

---

[1] Section 2255 pertains only to Federal prisoners. Because the petitioner is a state prisoner serving a sentence of imprisonment for a state criminal conviction, § 2255 also is inapplicable.

Finally, Thompson argues that § 2254 is inadequate to test his continued detention and, pursuant to *Bryant v. Warden*, 738 F.3d 1253 (11th Cir. 2013), he may proceed under § 2241. Thompson's reliance on *Bryant* fails for several reasons. First, *Bryant* involves Federal prisoners pursuing relief pursuant to § 2255, not to state prisoners such as Thompson serving a sentence of imprisonment for a state conviction who would challenge their convictions and sentences pursuant to § 2254. Second, even if *Bryant* applied to state prisoners proceeding pursuant to § 2254, *Bryant* was decided by the Eleventh Circuit Court of Appeals and therefore is not controlling precedent in this jurisdiction. *See Salmi v. Secretary of Health and Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985)(district courts in the Sixth Circuit are not bound by decisions of courts from other circuits). Second, *Bryant* recently was overruled by the Eleventh Circuit Court of Appeals, so it is no longer governing law in the Eleventh Circuit. *See McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1086-95 (11th Cir. 2017)(holding that prisoner was not entitled to additional round of collateral review of his sentence under savings clause on basis that his claims regarding the enhancement of his sentence under Armed Career Criminal Act had been foreclosed by binding circuit precedent, overruling *Bryant v. Warden*).

Because Thompson is not entitled to invoke § 2241, "it appears from the application that the applicant or detainee is not entitled to" any relief. 28 U.S.C. § 2243. The court finds it unnecessary under the circumstances to order the Respondent to file a response to the petition. Thompson's petition will be denied, and judgment shall be entered for the Respondent.

To appeal *in forma pauperis* in a *habeas* case filed under § 224, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a

supporting affidavit. However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court.

In this case, because Thompson is clearly not entitled to relief, the court determines that any appeal would not be taken in good faith. Fed. R. App. P. 24(a).

An appropriate order will enter.

ENTER this 5th day of September 2017.

_____
Aleta A. Trauger
United States District Judge